UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 10-60-GWU


MARTY LYNN REID,                                                    PLAINTIFF,


VS.                            **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

Marty Reid brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income (SSI).

The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity?
    If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful
    activity, does he have any "severe" impairment or combination
    of impairments--i.e., any impairments significantly limiting his
    physical or mental ability to do basic work activities?  If not, a
    finding of non-disability is made and the claim is denied.

3.  The third step requires the Commissioner to determine
    whether the claimant's severe impairment(s) or combination of
    impairments meets or equals in severity an impairment listed
    in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  <u>Id.</u>  <u>Accord,</u> <u>Johnson v. Secretary of Health and Human Services</u>, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work.  <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work.

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having

5

the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Reid, a 32-year-old woman with no past relevant work history and a high school education, suffered from impairments related to morbid obesity, cervical sprain/strain, lumbar sprain/strain, type II diabetes mellitus, hypertension, bipolar disorder and dependent personality.  (Tr. 11, 16).  Despite her impairments, the ALJ determined that the plaintiff retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 13).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 16-17).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of SSI.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question initially presented to Vocational Expert William Ellis included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) an inability to more than occasionally climb, balance, stoop,  crawl or push and pull with the extremities; (2) a need to avoid concentrated exposure to extremely cold temperatures, vibration and pulmonary

irritants; (3) a limitation to an object-focused, non-public work setting requiring only simple, one or two step instructions; and (4) an inability to perform highly stressed work or production rate and quota work.   (Tr. 45).   In response, Ellis identified a significant number of jobs which could still be performed.  (Id.).   The ALJ then added restrictions concerning an inability to perform prolonged sitting or standing in excess of 20 minutes at a time, an inability to ever climb ladders, ropes or scaffolds and crawl; a need to avoid exposure to pulmonary irritants, extremely cold temperatures, excessive humidity levels, unprotected heights, and hazardous machinery.  (Tr. 46).  The witness testified that the previously cited job numbers would be reduced but indicated that a significant number of jobs would remain. (Id.).  The ALJ relied upon this testimony to support the administrative decision.

Reid argues that the ALJ erred in formulating the hypothetical factors because he substituted his own lay opinion in place of those of the physicians of record.   Thus, the hypothetical factors considered by Ellis did not fairly characterize her condition.  The undersigned agrees with the plaintiff's argument to the extent that the court finds that the ALJ did not properly consider the evidence of record relating to her physical condition.

Dr. David Hays, a treating source, opined that Reid would be limited to lifting and carrying a maximum of 10 pounds, an ability to stand or walk for less than a total of two hours a day, an ability to sit for less than a total of two hours a day with a need to change positions in 30 minute segments, an inability to ever twist, crouch

8

or climb ladders, an inability to more than occasionally stoop or climb stairs, a limited ability to reach overhead, and a need to avoid concentrated exposure to temperature extremes, wetness, humidity, noise, fumes, odors, dust, gases, and poor ventilation.  (Tr. 378-380).  When these restrictions were presented to the vocational expert, he could not identify any jobs which remained available.  (Tr. 46).  The ALJ cited a number of reasons why this opinion was not well supported by objective medical data, including the doctor's largely benign clinical findings and the findings of Dr. Barry Burchett, an examining consultant.  (Tr. 15-16).  Nevertheless, the opinion does not support the administrative denial decision.

Dr. Burchett was the only other treating or examining medical source to identify specific physical restrictions which would afflict Reid.  Dr. Burchett opined that the plaintiff could: (1) perform light level work restricted from a full range by an inability to sit for more than a total of six hours a day in 20 minute intervals; (2) stand or walk for no more than a total of one hour a day each in intervals of 10 minutes at a time; (3) an inability to more than occasionally operate foot controls; (4) an inability to ever climb ladders or ropes; (5) an inability to stoop, kneel, crouch or crawl; and (6) a need to avoid all exposure to dust, fumes and pulmonary irritants.  (Tr. 664-668).  Several of these restrictions are more severe than those presented to the vocational expert.  For example, the standing or walking limitations appear inconsistent with the ALJ's findings as are the postural restrictions

concerning an inability to ever balance or stoop.  Thus, Dr. Burchett's opinion also does not support the administrative decision.

Dr. Jorge Baez-Garcia reviewed the record in April of 2008 and indicated that Reid would be limited to light level work, restricted from a full range by a limited ability to push or pull with the upper extremities, an inability to more than occasionally climb, balance, stoop, crouch, kneel, and a need to avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, and poor ventilation.  (Tr. 369-376).  The physical factors of the hypothetical question were consistent with this opinion.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F. 3d 789, 794 (6th Cir. 1994).  When the opinion is that of a treating source, Social Security Ruling 96-6p suggests that the reviewer needs to have seen a complete record which contains a medical report from a specialist in the claimant's particular impairment which contains more detailed and comprehensive information than that which was available to the treating sources. As previously noted, Dr. Baez-Garcia reviewed the record in April of 2008.  He did not have an opportunity to see and comment upon a number of medical reports including the December, 2008 assessment of Dr. Hays and the April, 2009 report of Dr. Burchett.  Therefore, this report also does not support the administrative decision and the action must be remanded for further consideration of the claimant's physical status.

Reid also argues that the ALJ erred in evaluating her mental status.  The plaintiff asserts that the ALJ did not adequately consider the opinions of her treating psychologists at the Cumberland River Community Care Center and Burning Springs Clinic.  However, the staffs at Cumberland River (Tr. 270-293, 456-479) and Burning Springs (Tr. 162-170, 267-269, 388-430, 444-455) did not identify the existence of more severe mental limitations than those found by the ALJ. The only limitation indicated by Psychologist Timothy Baggs, an examining source, was some difficulty in responding and adapting to work pressures.  (Tr. 301).  The mental limitations of the hypothetical question were consistent with this opinion. Psychologists Jay Athy (Tr. 302-303) and Ilze Sillers (Tr. 365-366), the non-examining medical reviewers, each opined that the claimant would be "moderately" limited in dealing with detailed instructions, maintaining attention and concentration for extended time periods, interacting appropriately with the general public and responding appropriately to changes in the work setting.  The ALJ's findings were essentially compatible with these opinions.  Therefore, the ALJ dealt properly with the evidence of record relating to Reid's mental condition.

Reid also asserts that the ALJ erred by failing to provide specific rationale for rejecting the credibility of her testimony.  However, the ALJ cited a number of reasons for this finding, including her recent remarriage and assumption of the duties of stepmother to three boys, the generally modest findings upon physical examination, her claim of being legally blind which was refuted on physical

examination, and her decision to reject medication and injective therapy offered by Dr. Richard Lingreen. (Tr. 14-16). Therefore, the court must reject this claim of the plaintiff.

The undersigned concludes that the administrative decision should be reversed and remanded to the Commissioner for further consideration of the plaintiff's physical condition. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 17th day of November, 2010.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**